VROOMAN et al. v. PENHOLLOW et al.

(Circuit Court of Appeals, Sixth Circuit.   April 25, 1911.)

No. 2,013.

1. Patents (§ 328*)—Validity and Infringement—Vegetable Topping Machine.
   The Vrooman patent, No. 676,549, for a vegetable topping machine, claims 1, 3, 4, 6, and 7 *held* valid and infringed.

2. Patents (§ 325*)—Costs—Persons Liable—Joint Defendants—Discretion of Court.
   In a suit against joint wrongdoers as infringers of a patent, it is only in rare and exceptional cases, where one defendant has participated only in a trivial or almost wholly unrelated manner, that the court will exercise its discretion in his favor by relieving him from full liability for costs.

   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 325.*]

Petition for rehearing.   Denied.

For former opinion, see 179 Fed. 296, 102 C. C. A. 484.

Before SEVERENS and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

SEVERENS, Circuit Judge.   From the opinion of the court below, which was filed and sent up with the transcript, we learn that the subjects of this litigation, as there presented, were claim 5 of patent No. 580,742, and claims 1, 3, 4, 6, and 7 of patent No. 676,549.   Claim 5 of the first patent was considered in our original opinion, and the questions of its validity and the infringement thereof were there disposed of.

From the course of the argument in this court concerning the second patent, we inferred that only claim 3 of the second patent was relied upon.   But in the petition for rehearing we were informed that it was not intended that the consideration of the second patent should be thus restricted; and we were requested to take into account the other claims of the patent.   In these circumstances we have thought it right to extend our review of the case to those claims of the second patent, other than claim 3, which were made the subject of controversy in the court below.

In the argument on this petition for rehearing, the discussion proceeded mainly upon the lines adopted at the first hearing, and the general subject of the validity and the infringement of the second patent, and scarcely any attention was paid to any possible distinction between claim 3 and the other claims which we were requested to further consider.   We are content to abide by our former opinion to the extent to which it goes.   And we are unable to perceive any valid reason for thinking that such other claims are not subject to the same reasons and results as we attributed to the third claim.   The substance of the invention is present in all of them, and the infringement is by the use of the identical machinery.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We are therefore of the opinion that the decree of this court should include with claim 3, claims 1, 4, 6, and 7 of patent ·No. 676,549—and it should be modified accordingly.

A motion has been made in behalf of the defendant Baker that the costs adjudged against the defendants may be distributed among them in proportion to the extent of their participation in the infringement complained of. It is apparently true that in some rare cases where there were several wrongdoers, some of whom had participated in doing the wrong only in a trivial or almost wholly unrelated manner, the court has exercised its discretion in their favor and cast the heavier burden of the costs to which all are liable upon the more guilty parties. But such cases are exceptions to the general rule upon very special circumstances. We think the position which Baker has taken and held in this matter has not been such as ought to induce the court to exercise its discretion in his favor. We have the conviction that he was the most potent factor in the infringement and that it was mainly because of his countenance and encouragement that the other defendants persevered in it.

We think the motion should be denied.